PARIENTE, J.,
concurring in part and dissenting in part.
I concur in the majority’s conclusion that the trial court did not abuse its discretion in denying Hurst a successive mental retardation hearing pursuant to Florida Rule of Criminal Procedure 3.203 prior to the new sentencing proceeding. I dissent, however, from the majority’s affirmance of Hurst’s sentence of death because there was no unanimous jury finding of either of the two aggravating circumstances found by the trial judge — that the murder was heinous, atrocious, or cruel; and that the murder was committed in the course of a robbery.
No jury ever convicted Hurst of the contemporaneous robbery, so this case does not fall within the exception to the constitutional requirement of juror unanimity for a contemporaneous felony conviction or a prior violent felony conviction as an aggravating circumstance, which automatically demonstrate that the jury has made the necessary findings to warrant the possibility of a death sentence. See Johnson v. State, 969 So.2d 938, 961 (Fla. 2007) (rejecting a challenge to the constitutionality of the defendant’s death sentence because the “murder in the course of a felony aggravator” was premised on separate convictions, “which satisfies Sixth Amendment requirements”).
In Hurst’s case, the jury recommended death by the slimmest margin permitted under Florida law — a bare majority seven-to-five vote. Because a penalty-phase jury in Florida is not required to make specific factual findings as to the aggravating circumstances necessary to impose the death penalty pursuant to Florida’s capital sentencing statute, it is actually possible that there was not even a majority of jurors who agreed that the same aggravator applied. See Peterson v. State, 94 So.3d 514, 540 (Fla.2012) (Pariente, J., concurring as to conviction and dissenting as to sentence). In my -view, Hurst’s death sentence cannot be constitutionally imposed, consistent with the United States Supreme Court’s decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Florida’s right to trial by jury, in the absence of a unanimous finding by the jury that any of the applicable aggra-vators apply, which is not present here.
I have previously expressed my view that “[t]he absence of a requirement of a unanimous jury finding as a precondition to a sentence of death is ... a matter of constitutional significance.” Butler v. State, 842 So.2d 817, 838 (Fla.2003) (Pariente, J., concurring in part and dissenting in part). Indeed, I continue to believe that, in light of Ring, Florida’s death penalty statute, as applied in circumstances like those pre *450 sented in this case where there is no unanimous jury finding as to any of the aggravating circumstances, is unconstitutional. See Peterson, 94 So.3d at 538 (Pariente, J., concurring as to conviction and dissenting as to sentence).
As I stated in my opinion dissenting as to the affirmance of the death sentence in Peterson:
Under our current sentencing scheme, not all defendants who are convicted of first-degree murder are eligible for a sentence of death. The trial judge must make additional findings before the death penalty can be imposed. See generally § 775.082, Fla. Stat. (2011). Without these findings, a trial court cannot impose a higher sentence than life imprisonment on the basis of the verdict alone. See § 775.082(1), Fla. Stat. (stating that without findings by the court that a defendant “shall be punished by death, ... such person shall be punished by life imprisonment”). It is only after a sentencing hearing and additional findings of fact regarding aggravators and mitigators that the sentence of death may be imposed. Not only is this requirement imposed by Florida law, but it is constitutionally mandated by the Eighth Amendment to prevent death sentences from being arbitrarily imposed.
In addition, as interpreted by the United States Supreme Court in Ring, the Sixth Amendment requires that a jury find those aggravating factors. As Justice Scalia explained in his concurring opinion in Ring, the bottom line is that “the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives — whether the statute calls them elements of the offense, sentencing factors, or Mary Jane — must be found by a jury.” Ring, 536 U.S. at 610, 122 S.Ct. 2428 (Scalia, J., concurring).
Id. at 538-39.
“Apart from capital sentencing, the requirement of unanimity has been scrupulously honored in the criminal law of this state for any finding of guilt and for any fact that increases the maximum punishment.” Butler, 842 So.2d at 837 (Pariente, J., concurring in part and dissenting in part). “Florida’s exclusion of the death penalty from the requirement of jury unanimity cannot be reconciled” with the Supreme Court’s holdings in Ring that “[t]he right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed the factfinding necessary to increase a defendant’s sentence by two years, but not the factfinding necessary to put him to death,” and that “the Sixth Amendment applies to both.” Peterson, 94 So.3d at 539 (Pariente, J., concurring as to conviction and dissenting as to sentence) (quoting Ring, 536 U.S. at 609, 122 S.Ct. 2428) (emphasis omitted).
It remains my view that Ring requires any fact that qualifies a capital defendant for a sentence of death to be found by a jury, and that Florida’s state constitutional right to trial by jury, which is embodied in article I, section 22, of the Florida Constitution, “requires a unanimous jury finding beyond a reasonable doubt on the existence of any element necessary to increase an authorized punishment, most especially the ultimate punishment of the death penalty.” Butler, 842 So.2d at 838 (Pariente, J., concurring in part and dissenting in part); see also Coday v. State, 946 So.2d 988, 1022 (Fla.2006) (Pariente, J., concurring in part and dissenting in part). In other words, article I, section 22, is violated in the rare case where the death penalty is imposed without any of the aggrava-tors that automatically demonstrate that a jury has made the necessary findings to *451 warrant the possibility of a death sentence, such as a prior violent felony conviction or that the murder occurred while in the course of an enumerated felony that was also found by a jury. This is one of those rare cases.
This case also illustrates how the use of a special verdict form would help solve the problem, as Hurst’s counsel requested an interrogatory verdict to specify the aggra-vators found by the jury and the votes on each, but the motion was denied in accordance with this Court’s case law preventing the use of penalty-phase special verdict forms detailing the jurors’ determination concerning aggravating factors. See State v. Steele, 921 So.2d 538, 545 (Fla.2005). Had the jury been permitted to specify its findings, it is possible that this Court would have evidence in the record that Hurst’s jury unanimously found the existence of one of the aggravators found by the trial judge in imposing the death sentence, thereby curing the constitutional infirmity in this case. Because the jury was not permitted to indicate its findings, however, this evidence does not appear in our record.
I have previously expressed my view as to the “difficulties created” by this Court’s decisions that fail to allow or mandate the use of special interrogatories in death penalty cases to permit the jury to make special findings as to the aggravators. Aguirre-Jarquin v. State, 9 So.3d 593, 610 (Fla.2009) (Pariente, J., specially concurring). I once again renew this position here, as the use of a special verdict form during the penalty phase would enable this Court “to tell when a jury has unanimously found a death-qualifying aggravating circumstance, which would both facilitate our proportionality review and satisfy the constitutional guarantee of trial by jury even when the recommendation of death is less than unanimous.” Coday, 946 So.2d at 1024 (Pariente, J., concurring in part and dissenting in part).
Finally, I also take this opportunity to note an evolving concern as to the possible Eighth Amendment implications of Florida’s outlier status, among those decreasing number of states that still retain the death penalty, on the issue of jury unanimity in death penalty cases.[6] Except for Florida, every state that imposes the death penalty, as well as the federal system, requires a unanimous jury verdict as to the finding of an aggravating circumstance.[7] This means that in no other state or federal court in the country would Hurst have been sentenced to death in this case in the absence of a unanimous jury finding of an aggravating circumstance. Florida is a clear outlier.[8]
*452 In Steele, 921 So.2d at 548-49, this Court urged the Legislature to reexamine Florida’s capital sentencing statute in light of Ring and Florida’s outlier status. I have also previously echoed this suggestion, encouraging the Legislature to bring Florida “closer to the mainstream of capital sentencing states in regard to jury findings.” Coday, 946 So.2d at 1025 (Pariente, J., concurring in part and dissenting in part).
Although those calls for legislative action have arisen primarily due to Ring and Sixth Amendment concerns, the Eighth Amendment ramifications of Florida’s outlier status are also clear. For example, two Justices on the United States Supreme Court have recently expressed “deep concerns” about the federal constitutionality of Alabama’s death penalty statute in light of its outlier status on the issue of jury overrides. See Woodward v. Alabama, — U.S. —, 134 S.Ct. 405, 405, 187 L.Ed.2d 449 (2013) (Sotomayor, J., with whom Justice Breyer joins as to Parts I and II, dissenting from denial of certio-rari).
The United States Supreme Court has repeatedly explained that “death is different” from every other form of punishment. See, e.g., Ring, 536 U.S. at 605-06, 122 S.Ct. 2428; Harmelin v. Michigan, 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); Gardner v. Florida, 430 U.S. 349, 357, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The Supreme Court has also emphasized the “heightened reliability demanded by the Eighth Amendment in the determination whether the death penalty is appropriate in a particular case.” Sumner v. Shuman, 483 U.S. 66, 72, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987). As this Court has pointed out, “[mjany courts and scholars have recognized the value of unanimous verdicts,” particularly given that the “reliability” of death sentences “depends on adhering to guided procedures that promote a reasoned judgment by the trier of fact.” Steele, 921 So.2d at 549 (quoting State v. Daniels, 207 Conn. 374, 542 A.2d 306, 315 (1988)).
While questions of public policy regarding Florida’s capital sentencing statute are left to the Legislature, the Sixth and Eighth Amendment implications of Florida’s outlier status on the lack of jury unanimity, which threaten to unravel our entire death penalty scheme, should be of serious concern. I once again urge the Legislature, as has former Justice Cante-ro, to revisit this issue in Florida’s capital sentencing scheme.
For all these reasons, I dissent from the majority’s affirmance of Hurst’s death sentence because there is no unanimous finding by the jury that any of the applicable aggravators apply. The absence of juror unanimity in the fact-finding necessary to impose the death penalty remains, in my view, an independent violation of Florida’s constitutional right to trial by jury.
LABARGA and PERRY, JJ., concur.

. Since Ring was decided in 2002, six states— Connecticut, Illinois, Maryland, New Jersey, New Mexico, and New York — have abolished the death penalty.

. In Steele, 921 So.2d at 548-49, this Court explained that, aside from Florida, only Utah and Virginia did not at that time require a unanimous juiy finding of aggravators. Subsequent state supreme court decisions in those two states have concluded that a unanimous jury finding of an aggravating circumstance is required. See Prieto v. Commonwealth, 278 Va. 366, 682 S.E.2d 910, 935 (2009) ("[W]e hold that in the penalty phase of capital murder trials the death penalty may not be imposed unless the jury unanimously finds either one or both of the aggravating factors of ‘vileness’ or 'future dangerousness’ beyond a reasonable doubt.”); Archuleta v. Galetka, 267 P.3d 232, 259 (Utah 2011) ("In Utah, the fact finder in the guilt phase must find — unanimously and beyond a reasonable doubt — the statutory aggravator that makes death a possible sentence.”).

.In addition to Florida's outlier status as the only state in the country that allows the death penalty to be imposed without a unanimous jury finding of an aggravating circumstance, Florida is also one of the only states to permit *452 the jury to recommend death by a less than unanimous vote.